IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RACHEL BARRERA | § § § | |
| VS. | § § | CIVIL ACTION NO. B-03-233<br>JURY DEMAND |
| HOME DEPOT, INC., AND RAMON NAJERA | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, RACHEL BARRERA hereinafter referred to by name or alternatively as plaintiff, and hereby complains of HOME DEPOT, INC., and RAMON NAJERA hereinafter referred to as defendants. In pursuit of his causes of action plaintiff respectfully shows unto the Court and jury the following:

### PARTIES

1. Plaintiff, RACHEL BARRERA, is a resident of San Benito Cameron County, Texas.

2. Defendant, HOME DEPOT, INC., is a foreign corporation duly licensed to do business in the State of Texas and may be served with process herein by serving its registered agent for service, C.T. Corporation System, 350 St. Paul Street, Dallas, Texas 75201

3. Defendant, RAMON NAJERA, is an individual defendant and a resident of the State of Texas. Service of Citation is not required at this time.

4. This is an action for damages to secure protections of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-3 et seq. (hereafter "Title VII"), and the Texas Commission on Human Rights

Act which provides for relief against discrimination and retaliation in employment. In addition, Plaintiff advances a cause of action for Assault and Intentional Infliction of Emotional Distress.

## FACTUAL ALLEGATIONS

5. The injuries and damages suffered by the Plaintiff and made the basis of this action occurred in Cameron County, Texas. At such time and place, Rachel Barrera, was an employee of Home Depot, Inc. . Defendant, Home Depot, Inc., is an employer with more than 15 employees. As such, plaintiff is protected from the illegal and discriminatory action described herein.

6. Plaintiff Rachel Barrera worked as a flooring associate with defendant Home Depot. During her tenure with the company, plaintiff performed her duties with loyalty, dedication and hard work.

7. In the latter part of 2002, plaintiff became the target of Sexual Harassment and unwanted sexual advances on the part of defendant Ramon Najera. Specifically, defendant Najera began to harass plaintiff by asking her out, telling her that certain songs would get him sexually aroused, and stalking her at the store. She reported the harassment to management who assured her it would be handled appropriately. Rather than remedying the situation, the harassment escalated to a point where plaintiff was attacked by defendant Najera who came after her with scissors and cut off a piece of her hair. The plaintiff fended off her attacker by punching him in the arm. She immediately reported the attack to management who informed her she could be fired for defending herself from the attack and if she went further with her claim, she would be disciplined.

8. After this incident, plaintiff working conditions deteriorated even further. In retaliation for reporting the harassment, she was transferred to the night shift while her attacker was allowed to continue working during the day. In addition, defendant Najera continued to stalk plaintiff and make remarks of a sexual nature towards her. The plaintiff was additionally retaliated against when she injured herself at work as a result of lifting boxes that were too heavy. When she reported the injury, she was reprimanded for failing to follow safety regulations.

9. In desperation, plaintiff asked for a transfer in an attempt to get away from the harassment, intimidation and retaliation. The transfer was not approved and plaintiff was forced to continue working under the intolerable conditions. Because plaintiff feared for her safety and well being, she was forced to leave her job and was constructively discharged from her employment.

## ADMINISTRATIVE PROCEDURES

10. Within 300 days of the occurrence of the acts complained of, plaintiff filed her complaint with the Equal Employment Opportunity Commission, (EEOC), alleging that the defendant and its employees had committed an unlawful employment practice against her in violation of Title VII of the Civil Rights Acts. Plaintiff received from the EEOC, a Right to Sue letter allowing her to file this lawsuit within ninety days of its receipt. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## SEXUAL HARASSMENT & DISCRIMINATION

11. The plaintiff asserts that she was discriminated against on the basis of her sex. As such, she falls within a protected class under Title VII of the Civil Rights Act. The

defendant **HOME DEPOT, INC.**, is an employer with at least fifteen employees, subjecting itself to coverage under the Act. The conduct of the defendants complained of constituted unwelcome sexual harassment and discrimination on the basis of the plaintiff's sex. The defendants sexually discriminatory and retaliatory conduct detailed above, created a work environment extremely detrimental to plaintiff's emotional and physical health, interfering with plaintiff's work performance, and caused her acute emotional distress. Defendants, its agents, servants, an employees improperly permitted such discriminatory conduct to take place. As such, plaintiff sues the business defendant, for the acts of its managers, supervisors, employees and agents.

## RETALIATION

12. Plaintiff further asserts a cause of action against defendant Home Depot, Inc., for retaliation in violation of 42 U.S.C. §2000e(a). In support, plaintiff will show she engaged in an activity protected by Title VII, an adverse employment action followed, and the adverse employment action was causally connected to her reporting acts prohibited by Title VII.

## ASSAULT

13. Plaintiff sues defendants for the wrongful and offensive acts committed against her person. On such occasions, defendants intentionally and knowingly committed acts that placed plaintiff in apprehension of imminent physical contact, when defendants knew or should have reasonably believed that such contact would be offensive to the plaintiff. Plaintiff sues defendants for the tort of assault.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14. Plaintiff asserts that defendants' actions, in the nature of extreme and outrageous conduct, were intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to plaintiff. Defendant's actions caused plaintiff mental as well as physical pain. As a result of defendant's actions, Plaintiff has suffered damages in amounts which exceed the minimum jurisdiction requirements of this Court. Plaintiff sues each of the defendants as a result of such actions.

## ACTUAL DAMAGES

15. As a result of the incidents described above, that is made the basis of this suit, plaintiff has suffered mental pain and anguish. In all reasonable probability, plaintiff will continue to suffer such mental pain and anguish for a long time into the future. Plaintiff has further been caused a los of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of earning will continue long into the future. In that defendant acted with actual malice and malice, Plaintiff further requests that exemplary damages be awarded against the defendant

16. This lawsuit involves an actual controversy within this Court's jurisdiction. Thus, the Court may declare the rights and other legal relations of the plaintiff and grant such other necessary and proper relief allowed by a declaratory judgment.

17. By reason of the allegations of this petition, plaintiff is entitled to recover attorney fees in a sum that is reasonable and necessary. In this connection, plaintiff will show that she has employed attorneys to assist her in the prosecution of this action. A reasonable attorneys fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all

appeals to other courts. If ultimately successful in the case, plaintiff fully expects that the defendant will appeal this case. Plaintiff seeks attorneys fees to compensate the plaintiff for the attorneys fees she has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and./or law clerks who assisted in the prosecution of the case. As permitted, plaintiff also seeks to recoup all litigation expenses expended in the prosecution of this lawsuit. Attorneys' fees and expenses are permitted by Title VII.

18. The Plaintiff requests a jury trial.

19. WHEREFORE PREMISES CONSIDERED, plaintiff prays that this Honorable Court grant the following:

   a) Judgment against defendants, for the relief listed above and as otherwise permitted by law;

   b) Prejudgment interest as allowed by law;

   c) Attorney and litigation fees and expenses;

   d) Interest on said judgment at the legal rate from date of judgment;

   e) For costs of suit herein;

   f) Such other relief as the Court deems proper.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS

By: *[signature]*

MIGUEL SALINAS
Attorney in charge
FEDERAL I.D. NO. 15171
803 Old Port Isabel Road
Brownsville, Texas 78521
956/550-1115 Telephone
956/550-1134 Telefax