United States District Court
Southern District of Texas
FILED

JAN 2 8 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RACHEL BARRERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-233 |
| | § | (Jury Demanded) |
| HOME DEPOT, INC., AND | § | |
| RAMON NAJERA, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT HOME DEPOT U.S.A., INC.'S ORIGINAL
ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Home Depot U.S.A., Inc., incorrectly named as Home Depot, Inc. ("Defendant" or "Home Depot"), answers Plaintiff Rachel Barrera's Original Complaint ("Complaint") as follows:

**I.**

**ANSWER**

1.  Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint; therefore, Defendant denies these allegations.

2.  Defendant admits the allegations contained in Paragraph 2 of the Complaint, except to deny that its name is Home Depot, Inc.

3.  Defendant admits that Ramon Najera is an individual and is named as a Defendant in this case. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 3 of the Complaint; therefore, Defendant denies these allegations.

4.  Defendant admits that Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. Section 2000-3 *et. seq.* ("Title VII"), the Texas

Commission of Human Rights Act ("TCHRA"), assault and intentional infliction of emotional distress. Defendant denies that any rights have been deprived under those statutes and any liability under the common law theories of liability alleged in Paragraph 4 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff was an employee of Home Depot U.S.A., Inc. Defendant further admits Home Depot U.S.A., Inc. is an employer with more than 15 employees. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that Plaintiff worked as a flooring associate with Defendant, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint, except to admit that Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a notice of right to sue on or about September 11, 2003.

11. Defendant admits that Plaintiff is asserting a claim for sex discrimination. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff is asserting a claim for retaliation in violation of 42 U.S.C. §2000e(a). Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff is asserting a claim for assault. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff has alleged a controversy that is within this Court's jurisdiction. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 is Plaintiff's demand for a jury trial; Defendant is not required to either admit or deny this paragraph.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint in its entirety, including subsections (a) - (f), and specifically denies that Plaintiff is entitled to any relief.

## II.

## **DEFENSES**

1. Plaintiff has failed to properly name the Defendant in this lawsuit or her charge of discrimination.

2. Plaintiff has failed to properly serve the Defendant.

3. Plaintiff's claims must be dismissed due to insufficiency of process and insufficiency of service of process.

4. With respect to some or all of Plaintiff's claims, Plaintiff has failed to state a claim upon which relief can be granted.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

6. With respect to some or all of Plaintiff's claims, they are untimely and they are barred due to Plaintiff's failure to exhaust administrative remedies.

7. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charges of discrimination Plaintiffs filed with the EEOC and/or the Texas Commission on Human Rights.

8. All employment decisions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory, and reasonable business reasons that were in no way related to Plaintiff's gender or in retaliation for having opposed an alleged discriminatory practice.

9. Defendant did not discriminate against Plaintiff because of her gender. Furthermore, Defendant had no intent or purpose to discriminate because of her gender or retaliate against Plaintiff.

10. If any improper, illegal, or discriminatory act were taken by any employee of Defendant against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

11. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation, to the extent they were not presented to the EEOC or the Texas Commission on Human Rights in a timely fashion, and to the extent that they did not occur within the time frames prescribed by law under Title VII or the TCHRA.

12. Any improper, illegal, or discriminatory actions by any employees of Defendant were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant and thus cannot be attributed or imputed to Defendant.

13. Defendant did not have actual or constructive knowledge of any of the alleged discriminatory acts alleged in the Complaint at any time material to Plaintiff's Complaint.

14. If Plaintiff is able to show any discrimination occurred (which Defendant denies), Defendant reserves the right to assert a mixed motive defense.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer an adverse employment action.

16. Defendant has in place a clear and well-disseminated policy against discrimination on the basis of gender and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent that Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise, Plaintiff's claims of alleged discrimination are barred.

17. Plaintiff is not entitled to an award of compensatory damages under Title VII or the TCHRA, unless she can prove that Defendant engaged in unlawful and intentional discrimination.

18. Plaintiff is not entitled to an award of punitive damages under Title VII or the TCHRA, unless she can prove that Defendant engaged in a discriminatory practice with malice or reckless indifference to Plaintiff's federally protected rights.

19. Defendant engaged in good faith efforts to comply with the civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in

violation of the Title VII or the TCHRA, and, therefore, Plaintiff fails to state a claim for punitive damages.

20. Defendant is not liable for punitive damages under federal or state law, because Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

21. Plaintiff should be required to show that she is entitled to exemplary or punitive damages by a burden of proof of clear and convincing evidence.

22. Plaintiff's punitive damage claim must be bifurcated from the trial on liability issues.

23. Plaintiff's damages, the entitlement to which is expressly denied, are statutorily capped by the provisions of Title VII and the TCHRA.

24. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by the Defendants, Plaintiff has failed to mitigate or minimize the alleged damages. To the extent Plaintiff has mitigated her damages, Defendant is entitled to offset those amounts she has earned.

25. Plaintiff's claims are barred, or, alternatively, their claims for monetary relief must be reduced, or must be eliminated due to the after-acquired evidence doctrine.

26. Any award of exemplary or punitive damages is subject to the limitations of Section 41.001, *et. seq.* of the Texas Civil Practice & Remedies Code.

27. If this Court decides that exemplary or punitive damages should be awarded, the damages must be based on a finding of intentional, malicious, and conscious criminal misconduct.

28.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

29.     Some or all of the conduct alleged by Plaintiff against the individual Defendant, if proven, was beyond the scope of his actual, apparent, or implied authority.

30.     The individual Defendant cannot be held liable under Title VII or the TCHRA.

31.     Plaintiff's intentional infliction of emotional distress and assault claims are preempted and/or barred by Title VII, the TCHRA, and/or the Texas Workers' Compensation Act.

32.     Defendant did not intentionally engage in extreme or outrageous conduct toward Plaintiff nor did Defendant intentionally cause Plaintiff to suffer emotional distress.

33.     Any alleged emotional distress claimed by Plaintiff was not so intense or of such duration that no ordinary person should be expected to endure it.

34.     Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

35.     Some or all of Plaintiff's claims are barred because Plaintiff suffered no physical injuries as a result of any alleged conduct on the part of Defendant.

36.     Any alleged actions that may have occurred by Defendant were consented to by Plaintiff or were reasonable given the circumstances.

37.     Defendant's actions did not create a reasonable apprehension or fear of imminent physical contact with Plaintiff, and Defendant did not intend to injure Plaintiff or to cause Plaintiff to fear injury.

38.     Defendant did not inflict a harmful or offensive contact with Plaintiff, nor did Defendant intend to do so.

39. There exists no proximate causation between any alleged act or alleged breach of duty by Defendant and Plaintiff's claimed injuries.

40. Any injury caused to Plaintiffs was due in whole or in part to Plaintiffs' own actions, inaction, and/or the negligence or acts of third parties.

41. Plaintiff has pled and filed this action in bad faith and therefore should be barred from any recovery in this action.

42. Defendant denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in the Answer.

43. Defendant denies that all conditions precedent to filing suit have occurred or been met.

44. Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

45. Plaintiff's lawsuit is arbitrary, vexatious, malicious, unreasonable, frivolous, without foundation and/or brought in bad faith.

WHEREFORE, PREMISES CONSIDERED, Defendant Home Depot U.S.A., Inc. respectfully requests that Plaintiff's Original Complaint be dismissed, that Plaintiff recover nothing from it, that Defendant Home Depot U.S.A., Inc. recover its costs, including attorneys' fees expended in its behalf, as well as such other and further relief at law and equity to which Defendant Home Depot U.S.A., Inc. may show itself justly entitled.

Respectfully submitted,

*[signature]*

J. Alfred Southerland
State Bar No. 18860050
500 Dallas, Suite 3000
Houston, Texas 77002
713/655-5753 - Telephone
713/655-0020 - Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT HOME DEPOT U.S.A., INC., INCORRECTLY NAMED AS HOME DEPOT, INC.**

OF COUNSEL:

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Dallas Street, Suite 3000
Houston, Texas 77002
Telephone: (713) 655-0855
Facsimile: (713) 655-0020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been forwarded by certified mail, return receipt requested, on the 26th day of January 2004, to

Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 78521
*Certified Mail #7003 1010 0005 0435 2360*

*[signature]*

J. Alfred Southerland