IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RACHEL BARRERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-233 |
| | § | (Jury Demanded) |
| HOME DEPOT, INC., AND | § | |
| RAMON NAJERA, | § | |
| | § | |
| Defendants. | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff Rachel Barrera and Defendant Home Depot U.S.A., Inc. ("Home Depot") hereby submit the following joint report of meeting and Joint Discovery/Case Management Plan pursuant to the Court's Order for Conference:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The meeting of the parties required by Rule 26(f) was held on April 8, 2004. Counsel for Plaintiff, Miguel Salinas, and Counsel for Defendant Home Depot U.S.A. Inc., J. Alfred Southerland, participated in the meeting. Defendant Ramon Najera has not been served.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   None.

3. Briefly describe what this case is about.

   Plaintiff asserts claims against Home Depot for sexual harassment, sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Plaintiff also is asserting claims against both Defendants for assault and intentional infliction of emotional distress. Defendant denies Plaintiff's allegations.

4. Specify the allegation of federal jurisdiction.

Federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff alleges that this Court has pendent jurisdiction over her state law claims.

5. Name the parties who disagree and the reasons.

None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None.

7. List anticipated interventions.

None.

8. Describe class-action issues.

None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Both parties will make their initial disclosures by April 30, 2004.

10. Describe the proposed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

      (1) What changes should be made in the timing, form, or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a)(1) were made or will be made;

         None.

      (2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

Discovery may be needed on the following subjects:

(a) Plaintiff's allegations of sex discrimination;

(b) Plaintiff's allegations of retaliation;

(c) Plaintiff's allegations of assault and battery;

(d) Plaintiff's allegations of intentional infliction of emotional distress;

(e) Plaintiff's efforts to mitigate their claimed damages; and

(f) Damages.

Discovery should be completed by December 31, 2004. The parties agree that discovery does not need to be conducted in phases or be limited to or focused upon particular issues.

(3) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

None.

(4) Any other orders that should be entered by the Court under subdivision (c) or under Rule 16(b) and (c).

None.

B. When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff will serve interrogatories to Defendant.

C. When and to whom the defendant anticipates it may send interrogatories.

Defendant will serve interrogatories to Plaintiff within 60 days.

  D.  Of whom and by when the plaintiff anticipates taking oral depositions.

    At this time, Plaintiff intends to depose individuals identified by Defendant as possessing knowledge of relevant facts. Plaintiff also may take the depositions of any witnesses Defendant identifies in its responses to interrogatories and any expert identified by Defendant. Plaintiff intends on completing those depositions before December 31, 2004.

  E.  Of whom and by when the defendant anticipates taking oral depositions.

    Defendant shall depose Plaintiff. Defendant also may depose others identified by Plaintiff as possessing knowledge of relevant facts. These depositions will be completed by December 31, 2004.

  F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    Plaintiff will designate expert witnesses and provide their reports by August 31, 2004. Defendants will designate expert witnesses and provide their reports by September 30, 2004.

  G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    Plaintiff will depose any expert designated by Defendant by December 31, 2004.

  H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    Defendant will depose any expert designated by Plaintiff by December 31, 2004.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Not applicable.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

13. State the date planned discovery can reasonably be completed.

   The parties currently anticipate that discovery can be complete by December 31, 2004.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   The parties have discussed the possible settlement of the case.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

   The parties have discussed the possible settlement of the case.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

   Mediation.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' join position on a trial before a magistrate judge.

   The parties do not desire to have the case tried before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

   A timely jury demand was made.

19. Specify the number of hours it will take to present the evidence in this case.

   24 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   None.

21. List other motions pending.

   None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   None.

23. List the names, bar numbers, addresses, and telephone numbers of all counsel.

Miguel Salinas
Law Office of Miguel Salinas
Federal I.D. No. 15171
803 Old Port Isabel Road
Brownsville, Texas 78521
956/550-1115
956/550-1134 fax

J. Alfred Southerland
State Bar No. 18860050
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002
713/655-5753
713/655-0020 fax

_____
Counsel for Plaintiff *

APRIL 9, 2004
Date

_____
Counsel for Defendant,
Home Depot U.S.A., Inc.

APRIL 9, 2004
Date

* Signed by permission