United States District Court
Southern District of Texas
FILED

OCT 1 2 2004

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RACHEL BARRERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-233 |
| | § | |
| HOME DEPOT, INC., AND | § | |
| RAMON NAJERA, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S MOTION TO COMPEL
## PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES
## AND REQUESTS FOR PRODUCTION

Defendant Home Depot U.S.A., Inc. ("Home Depot"), incorrectly identified as Home Depot, Inc., pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, moves this Court for an order compelling Plaintiff to answer interrogatories and request for production served upon Plaintiff by Home Depot.

1.    On August 4, 2004, Home Depot served its First Set of Interrogatories upon Plaintiff. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and Local Rule 33.1, Plaintiff had thirty (30) days to respond to the request. It has been over sixty (60) days since Home Depot propounded interrogatories upon Plaintiff. Plaintiff has failed to serve any response or objections to Home Depot's request within the time allowed pursuant to the Federal Rules of Civil Procedure. A copy of the interrogatories and the letter to Miguel Salinas, counsel for Plaintiff, enclosing the interrogatories and request for production are attached as Exhibit "A."

2.    On August 4, 2004, Home Depot served its request for production of documents upon Plaintiff. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Plaintiff had thirty

(30) days to produce the requested documents for inspection and copying. It has been over sixty (60) days since Home Depot made its request upon Plaintiff. Plaintiff has failed to serve any response or objections to Home Depot's request within the time allowed pursuant to the Federal Rules of Civil Procedure. A copy of the request for production and the letter to Miguel Salinas, counsel for Plaintiff, enclosing the request for production and interrogatories are attached as Exhibit "B."

   3.  On September 29, 2004, Home Depot's counsel sent a letter to Plaintiff's counsel via facsimile requesting Plaintiff's counsel to respond to the interrogatories and requests for production. A copy of this letter is attached as Exhibit "C." Plaintiff's counsel contacted Home Depot's counsel and indicated that his client has not responded to his requests that she provide information responsive to Home Depot's discovery requests. Plaintiff's counsel also indicated that he may file a motion to withdraw from the case due to his client's failure to respond to his communications.

   4.  Unless ordered by this Court, it does not appear that Plaintiff will respond to Home Depot's interrogatories and requests for production. Given Plaintiff's lack of response, Home Depot has no alternative but to seek the Court's intervention to compel Plaintiff's response.

   Since Plaintiff has failed to cooperate in discovery, Home Depot requests that the Court enter an Order compelling Plaintiff to respond to Home Depot's interrogatories and requests for production within ten (10) days of the entry of an Order. Home Depot also seeks an award of sanctions in the amount of $500.00 for Plaintiff's failure to respond to discovery and the necessity of Home Depot to file this motion to obtain answers to its discovery requests. Home Depot further prays for such other and further relief to which it may show itself entitled.

Respectfully submitted,

J. Alfred Southerland
Federal I.D. No. 07341
State Bar No. 18860050
One Allen Center
500 Dallas, Suite 3000
Houston, Texas 77002-4709
Telephone:    713/655-5753
Facsimile:    713/655-0020

**ATTORNEY FOR DEFENDANT
HOME DEPOT U.S.A., INC.**

OF COUNSEL:

OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas  77002
713/655-5753
713/655-0020 (FAX)

## CERTIFICATE OF CONFERENCE

Before filing this motion, counsel for Home Depot U.S.A., Inc. sent a letter to Plaintiff's counsel on September 29, 2004, in an attempt to resolve this matter without intervention of the Court.  In response, Plaintiff's counsel has indicated that his client has not responded to his requests for information and that he may withdraw from the case.

J. Alfred Southerland

-3-

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of October, 2004, a true and correct copy of the foregoing document was forwarded by certified mail, return receipt requested, to:

Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 78521
*Certified Mail #7003 2260 0000 6994 1023*

J. Alfred Southerland

-4-



**Ogletree Deakins**
ATTORNEYS AT LAW

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 77002
Telephone: 713.655.0855
Facsimile: 713.655.0020
www.ogletreedeakins.com

*J. Alfred Southerland*
*713.655.5753*
*alf.southerland@odnss.com*

August 4, 2004

*Certified Mail #7000 0520 0026 3294 0349*
Mr. Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 78521

Re:    Civil Action No. B-03-233; *Rachel Barrera v. Home Depot, Inc., and Ramon Najera*;
       in the United States District Court for the Southern District of Texas, Brownsville
       Division

Dear Mr. Salinas:

I am enclosing the following:

1.    Defendant Home Depot U.S.A., Inc.'s First Set of
      Interrogatories to Plaintiff; and

2.    Defendant Home Depot U.S.A., Inc.'s First Request for
      Production of Documents to Plaintiff.

If you have any questions, do not hesitate to contact me at 713-655-5753.

Sincerely,

J. Alfred Southerland

JAS/erh
Enclosures

---

A

**Ogletree**
**Deakins**
ATTORNEYS AT LAW

Mr. Miguel Salinas
August 4, 2004
Page 2

bcc:   Mr. Andrew J. Jaramillo
Corporate Counsel, Employee Relations
West Coast Store Support
The Home Depot U.S.A., Inc.
3800 West Chapman Avenue
Orange, CA 92868

Ms. Dorothy A. Perkins
Senior Paralegal – Employee Relations
Western Division
Home Depot U.S.A., Inc.
3800 West Chapman Avenue
Orange, CA 92868

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Miguel Sabino
803 ooa Port
Isabel flwy
Brownsville TX
78521

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _(signature)_   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7000 0520 0076 3274 0348

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-1540

7000 0520

Recipient's Name (Please Print Clearly) (To be completed by mailer)

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, February 2000      See Reverse for Instructions

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RACHEL BARRERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-233 |
| | § | (Jury Demanded) |
| HOME DEPOT, INC., AND | § | |
| RAMON NAJERA, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT HOME DEPOT U.S.A., INC.'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO:    Plaintiff, Rachel Barrera, by and through her attorney of record, Miguel Salinas, Law Office of Miguel Salinas, 803 Old Port Isabel Road, Brownsville, Texas 78521

Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot"), incorrectly identified as Home Depot, Inc., propounds the following Interrogatories upon Plaintiff Rachel Barrera, and requests that she answer them separately, fully and under oath within thirty (30) days of service pursuant to Rule 33, Federal Rules of Civil Procedure, and Local Rule 33.1.

### INSTRUCTIONS

1.    All interrogatories are to be answered separately and fully. Where an interrogatory calls for an answer in more than one part, separate the parts in your answer. Where an answer cannot be fully made due to insufficient knowledge, answer to the extent of your knowledge and state specifically what part of the interrogatory cannot be answered based upon sufficient knowledge. If you are aware of person(s) who have additional knowledge or information to complete an answer, identify that person(s).

2.    If you object to any interrogatory or to fully identifying or producing a document or evidence of oral communication because of a privilege, you must nevertheless provide the following information pursuant to the Federal Rules of Civil Procedure, unless divulging the information would disclose the privileged information:

(a)    the nature of the privilege claimed (including work product);

(b)    if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(c)    the date of the document or oral communication;

(d)    if a document; its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(e)    if an oral communication; the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(f)    the general subject matter of the document or the oral communication.

You are under a continuous obligation to supplement your answers to these document requests under the circumstances specified in the relevant Federal Rules of Civil Procedure, including Rule 26.

## DEFINITIONS

The following definitions apply to these interrogatories:

1.      The term "documents" means each document or group of documents as defined in Rule 34 of the Federal Rules of Civil Procedure that are known to you or that can be located or discovered by reasonable diligent efforts. In addition, the word "document" shall mean any writing, recording, computer-stored information, or photograph in your actual or constructive possession, custody, care, or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, pamphlets, periodical, reports, harts, drawings, graphs, surveys, ledgers, invoices, computer printouts, computer discs, data sheet microfilms, video tapes, or tape recordings.

2.      The word "identify," when used herein in reference to a natural person, means to state (1) his full name, (2) his professional affiliation, if an expert witness, (3) present or last known address of his residence, (4) his telephone number, and (5) his present or last known business affiliation and position therewith. If any of the above information is not available to the Plaintiff, state any other available means of identifying such natural person.

3.      The word "identify," when used in reference to a document, means to state (1) its date, (2) its author, (3) the type of document (e.g., letter, memorandum, receipt, invoice, schedule, report, telegraph, chart, photograph, sound reproduction, or note), (4) the substance of the document, and (5) its present location and the name of its present custodian. If such document was, but is no longer, in the possession of Plaintiff or subject to her control, or it is no longer in existence, state

whether it is (a) missing or lost, (b) destroyed, (c) transmitted or transferred, voluntarily or involuntarily, to others, identifying such others, or (d) otherwise disposed of. If any of the above information is not available to the Plaintiff, state any available means of identifying such document.

4.      The word "identify," when used in reference to an alleged act or event, including conversations or communications, means to state (1) the date of the alleged act or event, (2) the persons involved, (3) the actions of each person involved, and (4) the facts supporting the allegation that the act or event occurred.

5.      The terms "you," "yours" and/or "yourself" mean Plaintiff Rachel Barrera and any other persons acting, or purporting to act, on behalf of Plaintiff Rachel Barrera.

6.      The term "Home Depot" means Defendant Home Depot U.S.A., Inc.

7.      The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means including without limitation.

8.      The term "correspondence" includes all letters, telegrams, notices, messages, phone logs, electronic mail, or other written communications or conferences or other oral communications.

9.      The term "date" means the exact date, month and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

10.     The term "agent" means any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

11.     The term "person" means any individual, corporation, proprietorship, partnership, trust, association or any other entity.

12.     The terms "pertains to" or "pertaining to" mean and include relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates,

demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts. These terms mean, without limitation, any reference or relationship which either (1) provides information with respect to the subject inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

13.     The terms "relates to" or "relating to" mean and include constituting, referring to, pertaining to, evidencing, reflecting, describing, or has anything to do with, and in each instance, directly or indirectly.  These terms mean, without limitation, any reference or relationship which either (1) provides information with respect to the subject inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

14.     The term "action" means the above captioned case entitled *Rachel Barrera v. Home Depot, Inc. and Ramon Najera*; pending in the United States District Court for the Southern District of Texas, Brownsville Division.

15.     The term "communication" means the transmittal of information by any means.

Respectfully submitted,

J. Alfred Southerland
State Bar No. 18860050
500 Dallas, Suite 3000
Houston, Texas 77002
713/655-5753 - Telephone
713/655-0020 - Facsimile

**ATTORNEY-IN-CHARGE FOR**
**DEFENDANTS HOME DEPOT U.S.A., INC.**

**OF COUNSEL:**

**OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.**
500 Dallas Street, Suite 3000
Houston, Texas  77002
Telephone:    (713) 655-0855
Facsimile:    (713) 655-0020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been forwarded by certified mail, return receipt requested, on the __4th__ day of August, 2004, to the following:

Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 78521
*Certified Mail #7000 0520 0026 3294 0349*

J. Alfred Southerland

## INTERROGATORIES

1.      Identify all persons, including their addresses, telephone numbers, and job titles, who possess knowledge pertaining to any fact or issue involved in this case. Include in your answer a description of the substance of their knowledge, whether they have prepared any written statement, a statement of whether you presently expect to call them as witnesses at trial, and a description of all documents which support, tend to support, or tend to refute your answer to this Interrogatory.

**ANSWER:**

2.      Identify each document that you intend to use as evidence in support of any claim asserted in your Original Complaint, or in opposition to any defense or affirmative defense asserted by Home Depot, giving a brief description of what you believe each document proves, and identifying all documents which support, tend to support, or tend to refute your answer to this Interrogatory.

**ANSWER:**

3.      List each element of damages that you are claiming and include in your answer the following: the category into which item of damages falls, (i.e., general damages, special or consequential damages, interest, and any other relevant categories); the factual basis for each item of damages; the amount claimed for each; an explanation of how each amount was calculated, including any mathematical formula; and a description of each document on which such calculation was based or which supports, tends to support, or tends to refute your answer to this Interrogatory.

**ANSWER:**

4.      Identify any person other than counsel who has provided you with a written statement or opinion of any kind which relates to any allegation, claim, defense, or affirmative defense raised in this lawsuit, and for each such person, describe the substance of such statement or opinion and the date you obtained such statement or opinion.

**ANSWER:**

5. _    Identify all medical practitioners, including, but not limited to, physicians, psychologists, therapists, counselors, and other health care providers from whom you have received consultation, treatment, and/or examination for any physical, mental, or emotional illness,

injury, or condition from January 1, 1999, to the present; list the address of each and their specialty area of practice; and describe briefly the reason for the service(s) and the date(s) on which the service was provided.

**ANSWER:**

6.    Identify all witnesses you believe may have, or actually did witness any alleged discrimination or assault or whom were otherwise made aware of the alleged discrimination or assault; and identify all documents which support, tend to support, or tend to refute your answer to this Interrogatory.

**ANSWER:**

7.    Describe all sources of any income or other monies that you have received from May 1, 2001, through the present, including all income you have received from Home Depot, specifying the amounts received, dates of receipt, and the sources of such income.

**ANSWER:**

8.    Identify all employers with whom you were employed from the three (3) years preceding your initial date of hire with Home Depot to the present, including in your answer the name, address, and telephone number of the employer; the name and title of your direct supervisor(s); the nature of the employment, including your job title; the dates of employment, salary and benefits; and your reason for leaving the employer.

**ANSWER:**

9.    Aside from your attorney(s), state the full names, addresses, and telephone numbers of all persons who assisted in the preparation of, or who prepared, your answer to these Interrogatories, and for each individual, please state their role in preparing the Interrogatory answer and identify all documents used to prepare your answer to these Interrogatories.

**ANSWER:**

10.    Identify or produce for inspection each document in your custody or control, or of which you have knowledge that you contend supports your claim or claims, or relate to any allegation or cause of action asserted in the complaint.

**ANSWER:**

11.    State whether Plaintiff has ever filed an Equal Employment Opportunity Commission ("EEOC") or Texas Commission on Human Rights ("TCHR") Act charge or ever been a party to a lawsuit other than this action. If so, for each charge or lawsuit state: (a) name and location of the agency or court; (b) charge or court file number; (c) date commenced; (d) whether Plaintiff was the plaintiff or defendant in the prior action; (e) names and addresses of all other parties and their attorneys, including a designation of whether the party was a plaintiff, defendant, etcetera; (f) nature of the charge, complaint and defense; (g) present status of the charge or suit; and (h) if concluded, the final result of the charge or suit and the amount of any settlement or award.

**ANSWER:**

12.    If you have ever complained of employment discrimination, assault, retaliation, or intentional infliction of emotional distress to an employer, excluding Home Depot, either formally or informally, state the date and describe in detail the nature and resolution of each such complaint.

**ANSWER:**

13.    Describe specifically and in detail all steps you have taken in an effort to mitigate the damages or any of the damages which you claim to have suffered as a result of any act or omission by or on behalf of Home Depot.

**ANSWER:**

14.    Provide the name and address of each person, if any, from whom you have received any type of treatment (including counseling) for any physical, emotional, mental or psychological condition or problem in the past ten (10) years.

**ANSWER:**

15.    Identify each and every document utilized, relied upon, or referred to in formulating your answers to these Interrogatories.

**ANSWER:**

16.    Identify the name, address and telephone number of all persons to whom you have spoken regarding the terms and conditions of your employment by Home Depot, the resignation of your employment from Home Depot, and/or the claims made the basis of this lawsuit.

**ANSWER:**

17.    Identify the name, address and telephone number of each doctor, psychiatrist, psychologist, substance abuse expert, and/or other mental health counselor who has examined or treated you for any reason during the past ten (10) years.

**ANSWER:**

18.    Identify the name, address and telephone number of each hospital or medical facility where you sought medical treatment anytime during the past ten (10) years.

**ANSWER:**

19.    If you have ever suffered any acts of job-related discrimination, retaliation, or assault prior to or subsequent to the date of your employment with Home Depot, please state when, where, and how you were discriminated against and describe the general nature of the damages you allegedly sustained.

**ANSWER:**

20.    Identify all employers who have terminated your employment involuntarily or to whom you have submitted a letter of resignation.

**ANSWER:**

21    State the date(s) Plaintiff received a notice of right to sue from the EEOC and a notice of right to sue from the TCHR concerning the basis of this lawsuit.

**ANSWER:**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RACHEL BARRERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-233 |
| | § | (Jury Demanded) |
| HOME DEPOT, INC., AND | § | |
| RAMON NAJERA, | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF PLAINTIFF RACHEL BARRERA

BEFORE ME, the undersigned authority, on this day personally appeared Rachel Barrera, who, after being duly sworn, did on her own depose and say that she has read the foregoing Answers to Interrogatories and that the facts contained therein are true and correct.

_____

RACHEL BARRERA

SWORN TO AND SUBSCRIBED before me by the said Rachel Barrera on this the _____ day of _____, 2004.

_____

Notary Public in and for the State of Texas



**Ogletree Deakins**
ATTORNEYS AT LAW

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 77002
Telephone: 713.655.0855
Facsimile: 713.655.0020
www.ogletreedeakins.com

*J. Alfred Southerland*
713.655.5753
alf.southerland@odnss.com

August 4, 2004

**Certified Mail #7000 0520 0026 3294 0349**
Mr. Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 78521

Re:  Civil Action No. B-03-233; *Rachel Barrera v. Home Depot, Inc., and Ramon Najera*; in the United States District Court for the Southern District of Texas, Brownsville Division

Dear Mr. Salinas:

I am enclosing the following:

1. Defendant Home Depot U.S.A., Inc.'s First Set of Interrogatories to Plaintiff; and

2. Defendant Home Depot U.S.A., Inc.'s First Request for Production of Documents to Plaintiff.

If you have any questions, do not hesitate to contact me at 713-655-5753.

Sincerely,

J. Alfred Southerland

JAS/erh
Enclosures

**Ogletree Deakins**
ATTORNEYS AT LAW

Mr. Miguel Salinas
August 4, 2004
Page 2

bcc:   Mr. Andrew J. Jaramillo
Corporate Counsel, Employee Relations
West Coast Store Support
The Home Depot U.S.A., Inc.
3800 West Chapman Avenue
Orange, CA 92868

Ms. Dorothy A. Perkins
Senior Paralegal – Employee Relations
Western Division
Home Depot U.S.A., Inc.
3800 West Chapman Avenue
Orange, CA  92868

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Miguel Salinas
803 old Port
Isabel Rd
Brownsville TX
78521

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature.
X Manuel Salinas
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
8-7-64

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7000 0520 0076 3241 0348

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

---

7000 0520

Recipient's Name (Please Print Clearly) (To be completed by mailer)
_____

Street, Apt. No.; or PO Box No.
_____

City, State, ZIP+ 4
_____

PS Form 3800, February 2000    See Reverse for Instructions

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RACHEL BARRERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-233 |
| | § | (Jury Demanded) |
| HOME DEPOT, INC., AND | § | |
| RAMON NAJERA, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT HOME DEPOT U.S.A., INC.'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

TO:   Plaintiff, Rachel Barrera, by and through her attorney of record, Miguel Salinas, Law Office of Miguel Salinas, 803 Old Port Isabel Road, Brownsville, Texas 78521

Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot"), incorrectly identified as Home Depot, Inc., serves this request for production of documents upon Plaintiff Rachel Barrera, and asks that the requested documents be produced for inspection and copying within thirty (30) days from the date of service, pursuant to Rule 34(b), Federal Rules of Civil Procedure.

## INSTRUCTIONS

1.     The documents described in this request shall be produced in the files as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories specified in this request. If the items described are not produced in their files, then the selection of documents from files and other sources shall be performed in such a manner to ensure that the file or other source from which a document is obtained may be identified. Additionally, documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the original grouping.

2.      Each draft, original and non-identical duplicate, whether different from the original because of marginal notes or other material inserted therein or attached thereto or otherwise and all writings, records, documents and data compilations from which the information requested can be obtained or translated, that are in the possession, custody or control of the party to whom this request is addressed shall be produced.

3.      Unless otherwise indicated, each request shall be construed as requesting the production of all documents described herein that were created, received, or otherwise entered the control, custody or possession of Plaintiff, including but not limited to, documents created, produced, received or that otherwise entered the possession, custody or control of any representative of the Plaintiff, including the attorney of the Plaintiff.

4.      If any document was, but is no longer in Plaintiff's possession, custody or control, or it is no longer in existence, state whether it is missing or lost; has been destroyed, has been transferred to others, voluntarily or involuntarily; or has been otherwise disposed of.  If disposed of, in each case explain the circumstances of the disposition, and the approximate date thereof; identify those persons having control; and state the location of the documents.

5.      If you object to fully identifying or producing a document or evidence of oral communication because of a privilege, you must nevertheless provide the following information pursuant to Rule 26(b)(5), Federal Rules of Civil Procedure, unless divulging the information would disclose the privileged information:

(a)      the nature of the privilege claimed (including work product);

(b)      if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(c)     the date of the document or oral communication;

(d)     if a document; its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(e)     if an oral communication; the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(f)     the general subject matter of the document or the oral communication.

Any document withheld from production pursuant to a claim of privilege (including as attorney work product) shall be segregated and maintained for possible *in camera* inspection.

You are under a continuous obligation to supplement your answers to these document requests under the circumstances specified in the relevant Federal Rules of Civil Procedure, including Rule 26.

## DEFINITIONS

1.     The term "document(s)" means each document or group of documents as defined in Rule 34 of the Federal Rules of Civil Procedure that are known to you or that can be located or discovered by reasonable diligent efforts. "Document(s)" is used in its broadest sense and means and includes all written, printed, typed, recorded, or graphic matter of any kind and description, both originals and copies, and all attachments and appendices thereto. Without limiting the foregoing, "document(s)" includes all agreements, contracts, communications, correspondence, letter,

telegrams, telexes, memoranda, records, reports, books, summaries, and any other records or telephone conversations, summary or other records of personal conversations, notes or other records of negotiations, diaries, diary entries, calendars, appointment books, time records instructions, work assignments, visitors records, work sheets, work papers, drafts, graphs, charts, accounts, notes, notices, marginal notations, notebooks, records, files, lists, recommendations, printouts, compilations, tabulations, folders or similar containers, studies, surveys, transcripts of conversations, tape or disc recordings, sound recordings, video recordings, film, tape, photographs, data compilation from which information can be obtained (including matter used in data processing) and other printed, written, handwritten, typewritten, recorded, stenographic, computer generated, computed stored, or electronically stored information, however and by whomever produced, prepared, reproduced, disseminated or made.

2.    The terms "you," "yours" and/or "yourself" mean Plaintiff Rachel Barrera and any other persons acting, or purporting to act, on behalf of Plaintiff Rachel Barrera.

3.    The term "Home Depot" means Defendant Home Depot U.S.A., Inc.

4.    The term "Najera" means Defendant Ramon Najera.

5.    The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means including without limitation.

6.    The term "correspondence" includes all letters, telegrams, notices, messages, phone logs, electronic mail, or other written communications or conferences or other oral communications.

7.    The term "date" shall mean the exact date, month and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

8.    The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

9.    The term "person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

10.    The terms "pertains to" or "pertaining to" mean and include relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.  These terms mean, without limitation, any reference or relationship which either (1) provides information with respect to the subject inquiry; or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

11.    The terms "relates to" or "relating to" mean and include constituting, referring to, pertaining to, evidencing, reflecting, describing, or has anything to do with, and in each instance, directly or indirectly.  These terms mean, without limitation, any reference or relationship which either (1) provides information with respect to the subject inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

12.    The term "action" shall mean the above captioned case entitled *Rachel Barrera vs. Home Depot, Inc., and Ramon Najera*; pending in the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

J. Alfred Southerland
State Bar No. 18860050
500 Dallas, Suite 3000
Houston, Texas 77002
713/655-5753 - Telephone
713/655-0020 - Facsimile

**ATTORNEY FOR DEFENDANT
HOME DEPOT U.S.A., INC.**

**OF COUNSEL:**

**OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.**
500 Dallas Street, Suite 3000
Houston, Texas  77002
Telephone:    (713) 655-0855
Facsimile:    (713) 655-0020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been forwarded by certified mail, return receipt requested, on the 4th day of August, 2004, to the following:

Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 7852'1
*Certified Mail #7000 0520 0026 3294 0349*

J. Alfred Southerland

## EXHIBIT A

## REQUESTS FOR PRODUCTION

1.   Any and all documents identified in Plaintiff's responses to Home Depot's First Set of Interrogatories and/or which Plaintiff believes support, tend to support, or tend to refute her responses to Home Depot's First Set of Interrogatories.

2.   Any and all documents that support, tend to support, or tend to refute Plaintiff's allegations of discrimination and harassment by Home Depot, its agents or managers.

3.   Any and all documents that support, tend to support, or tend to refute Plaintiff's claim for damages included in her Original Complaint.

4.   Any and all witness statements and notes which relate to any of the allegations made by Plaintiff in her Original Complaint.

5.   Any and all diaries, journals, calendars, or similar documents or recordings which relate to the period during which Plaintiff alleges that she was discriminated against, or which relate to the period of Plaintiff's employment with Home Depot.

6.   Any and all documents that support, tend to support, or tend to refute Plaintiff's allegations of her Original Complaint for intentional infliction of emotional distress.

7.   Any and all documents that support, tend to support, or tend to refute Plaintiff's allegation in her Original Complaint that all conditions precedent to the filing of this lawsuit have occurred.

8.   Any and all documents that support, tend to support, or tend to refute Plaintiff's allegations of her Original Complaint for assault.

9.   Copies of any and all writings of any type, notes, journals, diaries, summaries, transcripts, or tape recordings of any conversations involving you or any current or former director, officer, manager, supervisor, or employee of Defendant.

10.  Any and all documents (including charges, complaints, grievances, or claims) provided by Plaintiff or her agents or attorneys to the Texas Commission on Human Rights, the EEOC, the Texas Workforce Commission, the Texas Workers' Compensation Commission, or any other federal, state, or local agency, relating to any charge or claim of discrimination filed by Plaintiff against Home Depot or any other employer, and any and all documents received by Plaintiff, her agents, or attorneys from any such agencies.

11.    Any and all documents relating to any employment held or sought by Plaintiff, at Home Depot or at any other place of employment, during or concurrent with her employment with Home Depot, including but not limited to resumes or applications submitted, paycheck stubs, wage statements, and documents relating to benefits provided by any employer or potential employer to Plaintiff.

12.    Any and all documents relating to any communication between Plaintiff and Home Depot, by and through its employees or agents, pertaining to the allegations made in Plaintiff's Complaint.

13.    Any and all handbooks, employment manuals, documents, personnel records, policies, reports, statements, affidavits, or other documents relating to Home Depot's policies and procedures, Plaintiff's employment with Home Depot, or Plaintiff's claims against Home Depot, including all documents that Plaintiff received from Home Depot.

14.    Any and all documents that relate to reports of witnesses or potential witnesses that support, tend to support, or tend to refute Plaintiff's allegations, or that may be used by Plaintiff as evidence or at the trial of this action, including but not limited to documents that contain any statements, sworn or unsworn, of any person with knowledge of any of the allegations made by Plaintiff in this action or which Plaintiff believes support, tend to support, or tend to refute her claims.

15.    Any and all documents that relate to Plaintiff's medical, psychological, and/or counseling records and reports from January 2000 to the present.

16.    Any and all income tax returns prepared by or for Plaintiff, whether filed jointly or separately, from January 2000 to the present, including any W-2 forms relating to such tax returns and any supporting records.

17.    Any and all documents relating to Plaintiff's earnings, income, sources of income, and all other benefits from any source from January 2000 to the present, including, but not limited, to pensions, incentive compensation, and medical and life insurance.

18.    Any and all documents relating to any fee agreement you entered into with any counsel pertaining to representation in this action, or where retention was sought in any way relating to your employment with, or termination from Home Depot.

19.    Any and all documents Plaintiff obtained or retained from Home Depot (including e-mail) which relate in any way or are relevant to her claims, job duties, work performance, discipline received, or to the treatment of her prior co-workers at Home Depot.

20.    Copies of any and all documents in any way relating to Plaintiff's search for a job following employment with Defendant.

21.  A copy of Plaintiff's current driver's license.

22.  Any and all documents concerning any civil or criminal proceeding in which Plaintiff has been named as a party, including, but not limited to, copies of every petition or complaint filed by Plaintiff in any court of the United States, any state or territory thereof, or any foreign country (this request includes divorce proceedings, criminal proceedings, and paternity proceedings).

23.  Any and all documents concerning any administrative proceeding in which Plaintiff has been a party.

24.  Any and all documents concerning Plaintiff's claim that Ramon Najera asked Plaintiff out, told her that certain songs would get him sexually aroused, and stalked her at the store where she worked.

25.  Any and all documents concerning Plaintiff's claim that she reported the alleged harassment by Ramon Najera to store management.

26.  Any and all documents concerning Plaintiff's claim that, in response to her reports of alleged harassment by Ramon Najera, the store management assured her it would be "handled appropriately."

27.  Any and all documents concerning Plaintiff's claim that she was "attacked" by Ramon Najera.

28.  Any and all documents concerning Plaintiff's claim that "[s]he immediately reported the attack to management who informed her she could be fired for defending herself from the attack and if she went further with her claim, she would be disciplined."

29.  Any and all documents concerning Plaintiff's claim that after the alleged incident with Ramon Najera her working conditions "deteriorated even further."

30.  Any and all documents concerning Plaintiff's working conditions prior to the alleged incident with Ramon Najera.

31.  Any and all documents concerning Plaintiff's claim that after the alleged incident with Ramon Najera, Najera continued to stalk Plaintiff and "make remarks of a sexual nature towards her."

32.  Any and all documents concerning Plaintiff's claim that Defendant retaliated against Plaintiff for reporting the alleged incident with Ramon Najera and/or for reporting that she injured herself by lifting heavy boxes.

33.    Any and all documents concerning Plaintiff's claim that she asked for a store transfer "in an attempt to get away from the harassment, intimidation and retaliation."

34.    Any and all documents concerning Plaintiff's claim that the store transfer she requested was not approved.

35.    Any and all documents concerning Plaintiff's claim that she was forced to leave her job out of her concern for her safety and well being and was constructively discharged.

36.    Any and all documents supporting Plaintiff's claim that she suffered from acute emotional distress.

37.    Any and all documents concerning Plaintiff's claim that Defendant "intentionally and knowingly committed acts that placed plaintiff in apprehension of imminent physical contact, when defendants knew or should have reasonably believed that such contact would be offensive to the plaintiff."

38.    Any and all documents concerning any claim asserted by Plaintiff against any former employer for violation of local, state or federal law, tortious conduct, or breach of contract.

39.    Any and all documents concerning any monies paid by any former employer for settlement of any potential or actual claim asserted by Plaintiff.

40.    Any and all documents concerning any communication by Plaintiff to any third party (except her counsel) regarding the claims in this case.

41.    Any and all documents which in any way relate to the identity and location of any person with knowledge of relevant facts concerning Plaintiff's employment with Home Depot and the allegations stated in Plaintiff's Original Complaint.

42.    Any and all documents (including copies of e-mail) and/or recordings constituting or reflecting any correspondence to or communications with or involving any current or former employees of Home Depot.

43.    Any and all documents in any way related to any employment benefits that Plaintiff has received since January 2003 from any employer.

44.    Any and all documents related to any disciplinary action taken against Plaintiff by any employer since January 2003.

45.    Any and all documents relating to the termination of Plaintiff's employment by any employer since January 2003.

46.    The original executed authorization attached hereto which will permit the Defendant to obtain copies of any and all personnel, employment and/or application records.

47.    The original executed authorization attached hereto which will permit the Defendant to obtain copies of any and all medical/psychiatric/psychological records.

48.    The original executed authorization attached hereto which will permit the Defendant to obtain copies of any and all social security earnings records.

49.    The original executed authorization attached hereto which will permit the Defendant to obtain copies of any and all tax returns concerning Plaintiff from 2001 to the present.

## STATEMENT OF MEDICAL AUTHORITY

**TO:**   **Any doctor, physician, radiologist, osteopath, chiropractor, hospital, clinic, medical association, and any other institution maintained for the examination and/or treatment of patients for any disease, illness and/or injury.**

I, _____, hereby authorize you to furnish a complete copy of any and all medical records pertaining to me including, but not specifically limited to, the results of lab test(s), doctor and nurses notes, reports, x-rays, correspondence and all other records you have in your possession relating to my physical or mental condition to **J. Alfred Southerland of the firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.,** by and through his designated representatives, agents or employees, for inspection of the originals in your possession or subject to your control, to allow copies to be made of such records, and to talk to J. Alfred Southerland and/or a representative of J. Alfred Southerland to decipher any writing in any records provided.

It is understood that this include all test(s) results. In accordance with Texas Civil Statutes, Articles 4419(b)1, you are advised that this may include results of HIV Antibody (AIDS) testing in the event such testing has been performed.

This authorization also allows for the release of any records reflecting the use/misuse of drugs and/or alcohol.

My full name is:_____

a/k/a: _____

My date of birth is: _____

My social security number is: _____

A photocopy of this signed authorization shall be honored and treated as if originally executed by me.

SIGNED: _____

_____

SUBSCRIBED AND SWORN TO BEFORE ME on this ____ day of _____, 2004.

_____
NOTARY PUBLIC, STATE OF _____
My Commission Expires:_____

## <u>AUTHORIZATION OF RELEASE OF PERSONNEL/EMPLOYMENT AND/OR APPLICATION RECORDS</u>

**TO WHOM IT MAY CONCERN:**

I, _____, hereby authorize and direct the release of any and all **employment/personnel and/or application records**, including but not limited to, application information, payroll records, time sheets and/or time cards, correspondence, worker's compensation information, medical records and insurance information in the possession of **any of my current or previous employer** to J. Alfred Southerland of the firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by and through his designated representatives, agents or employees, for inspection of the originals in your possession or subject to your control, to allow copies to be made of such records, and to talk to J. Alfred Southerland and/or a representative of J. Alfred Southerland to decipher any writing in any records provided. Further,

1. Information obtained by this authorization is for use in pending litigation, and shall not be disseminated for any other purpose;

2. You are expressly authorized to discuss with any agent or employee of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by written or oral communication, any aspect of my employment.

3. You are specifically and expressly authorized to accept a copy of this authorization as though it were an original; and

4. You are specifically and expressly released from any liability which would otherwise arise from a release of this information.

_____

_____**printed name**

Social Security No._____

DOB - _____

STATE OF _____          §
                                §
COUNTY OF _____            §

BEFORE ME, the undersigned authority, on this day personally appeared _____, who after being duly sworn, did on oath depose and say that the foregoing AUTHORIZATION OF RELEASE OF PERSONNEL/EMPLOYMENT AND/OR APPLICATION RECORDS was read and executed for the purposes expressed herein.

SUBSCRIBED AND SWORN TO ME, a Notary Public, on this _____ day of _____, 2004.

_____
Notary Public in and for
My Commission Expires:_____          The State of Texas

## STATEMENT OF MEDICAL AUTHORITY

**TO:**   **Any doctor, physician, radiologist, osteopath, chiropractor, hospital, clinic, medical association, and any other institution maintained for the examination and/or treatment of patients for any disease, illness and/or injury.**

I, _____, hereby authorize you to furnish a complete copy of any and all medical records pertaining to me including, but not specifically limited to, the results of lab test(s), doctor and nurses notes, reports, x-rays, correspondence and all other records you have in your possession relating to my physical or mental condition to **J. Alfred Southerland of the firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.,** by and through his designated representatives, agents or employees, for inspection of the originals in your possession or subject to your control, to allow copies to be made of such records, and to talk to J. Alfred Southerland and/or a representative of J. Alfred Southerland to decipher any writing in any records provided.

It is understood that this include all test(s) results. In accordance with Texas Civil Statutes, Articles 4419(b)1, you are advised that this may include results of HIV Antibody (AIDS) testing in the event such testing has been performed.

This authorization also allows for the release of any records reflecting the use/misuse of drugs and/or alcohol.

My full name is:_____
   a/k/a: _____
My date of birth is: _____
My social security number is: _____

A photocopy of this signed authorization shall be honored and treated as if originally executed by me.

SIGNED: _____

_____

SUBSCRIBED AND SWORN TO BEFORE ME on this ____ day of _____, 2004.

_____
NOTARY PUBLIC, STATE OF _____
My Commission Expires:_____

## AUTHORIZATION OF RELEASE OF PERSONNEL/EMPLOYMENT AND/OR APPLICATION RECORDS

**TO WHOM IT MAY CONCERN:**

I, _____, hereby authorize and direct the release of any and all **employment/personnel and/or application records**, including but not limited to, application information, payroll records, time sheets and/or time cards, correspondence, worker's compensation information, medical records and insurance information in the possession of **any of my current or previous employer** to J. Alfred Southerland of the firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by and through his designated representatives, agents or employees, for inspection of the originals in your possession or subject to your control, to allow copies to be made of such records, and to talk to J. Alfred Southerland and/or a representative of J. Alfred Southerland to decipher any writing in any records provided. Further,

1.  Information obtained by this authorization is for use in pending litigation, and shall not be disseminated for any other purpose;

2.  You are expressly authorized to discuss with any agent or employee of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by written or oral communication, any aspect of my employment.

3.  You are specifically and expressly authorized to accept a copy of this authorization as though it were an original; and

4.  You are specifically and expressly released from any liability which would otherwise arise from a release of this information.

_____
_____**printed name**
Social Security No._____
DOB - _____

STATE OF _____            §
                                §
COUNTY OF _____            §

BEFORE ME, the undersigned authority, on this day personally appeared _____, who after being duly sworn, did on oath depose and say that the foregoing AUTHORIZATION OF RELEASE OF PERSONNEL/EMPLOYMENT AND/OR APPLICATION RECORDS was read and executed for the purposes expressed herein.

SUBSCRIBED AND SWORN TO ME, a Notary Public, on this _____ day of _____, 2004.

_____
My Commission Expires:_____    Notary Public in and for
                                          The State of Texas

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

1. From whose record do you need the earnings information?

   Print the Name, Social Security Number (SSN), and date of birth below.

   Name _____

   Social Security _____

   Other Name(s) Used
   (Include Maiden Name) _____

   Date of Birth
   (Mo/Day/Yr) _____

2. What kind of information do you need?

   ☐  **Detailed Earnings Information**
      (If you check this block, tell us below
      why you need this information.)          For the period(s)/year(s): _____

      _____

      _____

   ☐  **Certified Total Earnings For Each Year.**      For the year(s):         _____
      (Check this box only if you want the information
      certified. Otherwise, call 1-800-772-1213 to
      request Form SSA-7004, Request for Earnings
      and Benefit Estimate Statement)

3. If you owe us a fee for this detailed earnings information, enter the amount due
   using the chart on page 3 · · · · · · · · · · · · · · · · · · · · · · · ·   A. $ _____

   Do you want us to certify the information?          ☐ Yes    ☐ No

      If yes, enter $15.00 · · · · · · · · · · · · · · · · · · · · · · · · · · ·   B. $ _____

   ADD the amounts on lines A and B, and
   enter the TOTAL amount · · · · · · · · · · · · · · · · · · · · · · · · ·   C. $ _____

   - You can pay by CREDIT CARD by completing and returning the form on page 4, or
   - Send your CHECK or MONEY ORDER for the amount on line C with the request
     and make check or money order payble to "Social Security Administration"
   - DO NOT SEND CASH.

4. I am the individual to whom the record pertains (or a person who is authorized to sign on behalf of that
   individual). I understand that any false representation to knowingly and willfully obtain information from
   Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

   SIGN your name here
       (Do not print)  > _____     Date _____

   Daytime Phone Number _____
                        (Area Code)  (Telephone Number)

5. Tell us where you want the information sent. (Please print)

   _____

   City, State & Zip Code _____

6. Mail Completed Form(s) To:·          **Exception:** If using private contractor (e.g., FedEx) to mail form(s), use:

   Social Security Administration          Social Security Administration
   Division of Earnings Record Operations          Division of Earnings Record Operations
   P.O. Box 33003          300 N. Greene St.
   Baltimore Maryland  21290-3003          Baltimore Maryland  21290-0300

Form SSA-7050-F4 (7-2001)  EF (05-2002)          2

| Form **4506**<br>(Rev. May 1997)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Copy or Transcript of Tax Form**<br>► Read instructions before completing this form.<br>► Type or print clearly. Request may be rejected if the form is incomplete or illegible. | OMB No. 1545-0429 |
|---|---|---|

**Note: *Do not use this form to get tax account information. Instead, see instructions below.***

| 1a Name shown on tax form. If a joint return, enter the name shown first. | 1b First social security number on tax form or employer identification number (see instructions) |
|---|---|
| 2a If a joint return, spouse's name shown on tax form | 2b Second social security number on tax form |

3   Current name, address (including apt., room, or suite no.), city, state, and ZIP code

4   Address, (including apt., room, or suite no.), city, state, and ZIP code shown on the last return filed if different from line 3

5   If copy of form or a tax return transcript is to be mailed to someone else, enter the third party's name and address

6   If we cannot find a record of your tax form and you want the payment refunded to the third party, check here  .  .  .  .  .  .  ► ☐

7   If name in third party's records differs from line 1a above, enter that name here (see instructions) ►

8   Check only one box to show what you want. There is **no charge** for items 8a, b, and c:
  a  ☐ Tax return transcript of Form 1040 series filed during the **current calendar year and the 3 prior calendar years** (see instructions).
  b  ☐ Verification of nonfiling.
  c  ☐ Form(s) W-2 information (see instructions).
  d  ☐ Copy of tax form and all attachments (including Form(s) W-2, schedules, or other forms). **The charge is $23 for each period requested.**
     **Note:** *If these copies must be certified for court or administrative proceedings, see instructions and check here* .  .  .  .  .  ► ☐

9   If this request is to meet a requirement of one of the following, check all boxes that apply.
     ☐ Small Business Administration     ☐ Department of Education     ☐ Department of Veterans Affairs     ☐ Financial institution

| 10  **Tax form number** (Form 1040, 1040A, 941, etc.) | 12  Complete only if line 8d is checked.<br>Amount due: | | |
|---|---|---|---|
| | a  Cost for each period  .  .  .  .  .  .  . | $ | 23.00 |
| 11  Tax period(s) (year or period ended date). If more than four, see instructions. | b  Number of tax periods requested on line 11 | | |
| | c  Total cost. Multiply line 12a by line 12b .  . | $ | |
| | *Full payment must accompany your request. Make check or money order payable to "Internal Revenue Service."* | | |

**Caution:** *Before signing, make sure all items are complete and the form is dated.*

I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. I am aware that based upon this form, the IRS will release the tax information requested to any party shown on line 5. The IRS has no control over what that party does with the information.

| | | | Telephone number of requester<br>(   ) |
|---|---|---|---|
| **Please Sign Here** | Signature. See instructions. If other than taxpayer, attach authorization document. | Date | Best time to call |
| | Title (if line 1a above is a corporation, partnership, estate, or trust) | | **TRY A TAX RETURN TRANSCRIPT** (see line 8a instructions) |
| | Spouse's signature | Date | |

## Instructions

*Section references are to the Internal Revenue Code.*

**TIP:** If you had your tax form filled in by a paid preparer, check first to see if you can get a copy from the preparer. This may save you both time and money.

**Purpose of Form.**—Use Form 4506 to get a tax return transcript, verification that you did not file a Federal tax return, Form W-2 information, or a copy of a tax form. Allow 6 weeks after you file a tax form before you request a copy of it or a transcript. For W-2

information, wait 13 months after the end of the year in which the wages were earned. For example, wait until Feb. 1999 to request W-2 information for wages earned in 1997.

Do not use this form to request Form 1099 or tax account information. See this page for details on how to get these items. **Note:** *Form 4506 must be received by the IRS within 60 calendar days after the date you signed and dated the request.*

**How Long Will It Take?**—You can get a tax return transcript or verification of nonfiling within 7 to 10 workdays after the IRS receives your request. It can take up to 60 calendar

days to get a copy of a tax form or W-2 information. To avoid any delay, be sure to furnish all the information asked for on Form 4506.

**Forms 1099.**—If you need a copy of a Form 1099, contact the payer. If the payer cannot help you, call or visit the IRS to get Form 1099 information.

**Tax Account Information.**—If you need a statement of your tax account showing any later changes that you or the IRS made to the original return, request tax account information. Tax account information lists

*(Continued on back)*

For Privacy Act and Paperwork Reduction Act Notice, see back of form.          Cat. No. 41721E          Form **4506** (Rev. 5-97)

| Form **4506**<br>(Rev. May 1997)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Copy or Transcript of Tax Form**<br>▶ Read instructions before completing this form.<br>▶ Type or print clearly. Request may be rejected if the form is incomplete or illegible. | OMB No. 1545-0429 |
|---|---|---|

**Note:** *Do not use this form to get tax account information. Instead, see instructions below.*

| 1a Name shown on tax form. If a joint return, enter the name shown first. | 1b First social security number on tax form or employer identification number (see instructions) |
|---|---|
| 2a If a joint return, spouse's name shown on tax form | 2b Second social security number on tax form |

3  Current name, address (including apt., room, or suite no.), city, state, and ZIP code

4  Address, (including apt., room, or suite no.), city, state, and ZIP code shown on the last return filed if different from line 3

5  If copy of form or a tax return transcript is to be mailed to someone else, enter the third party's name and address

6  If we cannot find a record of your tax form and you want the payment refunded to the third party, check here . . . . . . ▶ ☐

7  If name in third party's records differs from line 1a above, enter that name here (see instructions) ▶

8  Check only one box to show what you want. There is **no charge** for items 8a, b, and c:
   a  ☐ Tax return transcript of Form 1040 series filed during the **current calendar year** and the **3 prior calendar years** (see instructions).
   b  ☐ Verification of nonfiling.
   c  ☐ Form(s) W-2 information (see instructions).
   d  ☐ Copy of tax form and all attachments (including Form(s) W-2, schedules, or other forms). **The charge is $23 for each period requested.**
       **Note:** *If these copies must be certified for court or administrative proceedings, see instructions and check here . . . . .* ▶ ☐

9  If this request is to meet a requirement of one of the following, check all boxes that apply.
   ☐ Small Business Administration    ☐ Department of Education    ☐ Department of Veterans Affairs    ☐ Financial institution

| 10  **Tax form number** (Form 1040, 1040A, 941, etc.) | 12  Complete only if line 8d is checked.<br>Amount due: |
|---|---|
| | a  Cost for each period . . . . . . \|$ 23.00 |
| 11  **Tax period(s)** (year or period ended date). If more than four, see instructions. | b  Number of tax periods requested on line 11 |
| | c  Total cost. Multiply line 12a by line 12b. . \|$ |
| | *Full payment must accompany your request. Make check or money order payable to "Internal Revenue Service."* |

**Caution:** *Before signing, make sure all items are complete and the form is dated.*

I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. I am aware that based upon this form, the IRS will release the tax information requested to any party shown on line 5. The IRS has no control over what that party does with the information.

| **Please Sign Here** | ▶ Signature. See instructions. If other than taxpayer, attach authorization document. | Date | Telephone number of requester<br>( )<br>Best time to call |
|---|---|---|---|
| | ▶ Title (if line 1a above is a corporation, partnership, estate, or trust) | Date | **TRY A TAX RETURN TRANSCRIPT** (see line 8a instructions) |
| | Spouse's signature | Date | |

## Instructions

*Section references are to the Internal Revenue Code.*

**TIP:** If you had your tax form filled in by a paid preparer, check first to see if you can get a copy from the preparer. This may save you both time and money.

**Purpose of Form.**—Use Form 4506 to get a tax return transcript, verification that you did not file a Federal tax return, Form W-2 information, or a copy of a tax form. Allow 6 weeks after you file a tax form before you request a copy of it or a transcript. For W-2 information, wait 13 months after the end of the year in which the wages were earned. For example, wait until Feb. 1999 to request W-2 information for wages earned in 1997.

Do **not** use this form to request Forms 1099 or tax account information. See this page for details on how to get these items.

**Note:** *Form 4506 must be received by the IRS within 60 calendar days after the date you signed and dated the request.*

**How Long Will It Take?**—You can get a tax return transcript or verification of nonfiling within 7 to 10 workdays after the IRS receives your request. It can take up to 60 calendar

days to get a copy of a tax form or W-2 information. To avoid any delay, be sure to furnish all the information asked for on Form 4506.

**Forms 1099.**—If you need a copy of a Form 1099, contact the payer. If the payer cannot help you, call or visit the IRS to get Form 1099 information.

**Tax Account Information.**—If you need a statement of your tax account showing any later changes that you or the IRS made to the original return, request tax account information. Tax account information lists

*(Continued on back)*



**Ogletree Deakins**

ATTORNEYS AT LAW

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 77002
Telephone: 713.655.0855
Facsimile:  713.655.0020
www.ogletreedeakins.com

*J. Alfred Southerland*
713.655.5753
alf.southerland@odnss.com

September 29, 2004

***Via Facsimile #956-550-1134***
Mr. Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 78521

Re:    Civil Action No. B-03-233; *Rachel Barrera v. Home Depot, Inc., and Ramon Najera*;
in the United States District Court for the Southern District of Texas, Brownsville
Division

Dear Mr. Salinas:

On August 4, 2004, we served interrogatories and requests for production. As of today's
date, we have not received any responses. Please let me know immediately when we can expect
responses. If I do not hear from you by October 1, 2004, we shall file a motion to compel.

If you have any questions, do not hesitate to contact me at 713-655-5753.

Sincerely,

J. Alfred Southerland

JAS/erh