IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JAN 14 2005
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RACHEL BARRERA | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action B-03-233 |
| HOME DEPOT U.S.A., INC., and RAMON NAJERA | § § § | |
| Defendants. | § § | |

### ORDER

BE IT REMEMBERED that on January 14, 2005, the Court considered Defendant Home Depot U.S.A., Inc.'s (Home Depot) Motion to Dismiss [Dkt. No. 13].

On August 4, 2004, Home Depot served the plaintiff Rachel Barrera ("plaintiff") with its first set of interrogatories and request of production of certain documents. Plaintiff failed to respond. Subsequently, Home Depot sent a letter to plaintiff's attorney on September 29, nearly 30 days after the plaintiff's responses were due, inquiring as to the delay. The plaintiff's attorney indicated that the plaintiff has not responded to his own communications.

On November 15, in response to Home Depot's request [Dkt. No. 11], this Court Ordered plaintiff to respond to the discovery requests [Dkt. no. 12]. The Court additionally admonished the plaintiff that if Home Depot's requests were not satisfied in the allotted time period, the Court could choose to impose costs, sanctions, or dismiss this action with prejudice.

On December 23, Home Depot filed the present Motion. Home Depot avers that

1

plaintiff has still failed to produce the requested documents. Furthermore, Home Depot states that it has not heard from plaintiff's counsel. Accordingly, Home Depot asks this Court to dismiss plaintiff's claim with prejudice and to be awarded attorney's fees.

Federal Rule of Civil Procedure "Rule 37(b)(2)(C) authorizes dismissal with prejudice when a party refuses to obey a discovery order." Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1032 (5th Cir. 1990). Typically, such a sanction "is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct." Id. Importantly, however, this conduct must be attributable to the client rather than the attorney. Id.

In the present case, the Court has heard nothing from the plaintiff or her counsel in over 8 months. Importantly, plaintiff's side has not responded to either of Home Depot's motions or this Court's Order of November 15. The Court has no way of knowing whether the delay is attributable to either the client or the attorney. Therefore, it is hereby

**ORDERED** that the parties appear before this Court at 9:30 a.m. on January 28, 2005. Home Depot's counsel, being located in Houston, Texas, has the option of being present telephonically upon adequate notice to the Court.

DONE at Brownsville, Texas, this 14 day of January, 2005.

Hilda G. Tagle
United States District Judge