IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JAN 2 6 2005
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RACHEL BARRERA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action B-03-233 |
| | § | |
| HOME DEPOT U.S.A., INC., and | § | |
| RAMON NAJERA | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on January 26, 2005, the Court considered "Plaintiff's Attorney Miguel Salinas Motion for Continuance; in the Alternative Motion to Appear Telephonically" [Dkt. No. 14].

On August 4, 2004, Defendant Home Depot U.S.A., Inc.'s ("Home Depot") served the plaintiff, Rachel Barrera ("plaintiff"), with its first set of interrogatories and request of production of certain documents. Plaintiff and her attorney, Mr. Miguel Salinas, failed to respond. Subsequently, Home Depot sent a letter to Mr. Salinas on September 29, nearly 30 days after the plaintiff's responses were due, inquiring as to the delay. Mr. Salinas indicated that the plaintiff had not respond to his own communications.

On November 15, in response to Home Depot's request [Dkt. No. 11], this Court Ordered plaintiff to respond to the discovery requests [Dkt. no. 12]. The Court additionally admonished the plaintiff that if Home Depot's requests were not satisfied in the allotted time period, the Court could choose to impose costs, sanctions, or dismiss this action with prejudice. Again, neither plaintiff nor Mr. Salinas responded.

On December 23, Home Depot motioned this Court to dismiss plaintiff's case with prejudice [Dkt. No. 13]. Because the Court had heard nothing from the plaintiff or Mr.

1

Salinas in over 8 months, including any response to this Court's Order of November 15, the Court ordered the parties to appear for a hearing concerning Home Depot's Motion.

On January 25, Mr. Salinas filed the motion before the Court. Mr. Salinas states that he is scheduled to attend a deposition in Denver, Colorado, the same day as the hearing in this case. Mr. Salinas avers that allowing another attorney to appear at the deposition is impractical due both to his extensive knowledge of that case and the complexity of the issues that will be discussed. In the alternative to continuance, Mr. Salinas has offered to appear telephonically.

The Court **GRANTS** Mr. Salinas's motion to continue [Dkt. No. 14]. The hearing is now set for February 9, 2005, at 9:30 a.m. Once again, Home Depot's counsel, being located in Houston, Texas, has the option of being present telephonically upon adequate notice to the Court. Mr. Salinas's physical presence at the hearing is, however, required. Furthermore, Mr. Salinas should be prepared to discuss the propriety of his actions throughout this case and why sanctions should not be levied against him.

The Court recognizes that Mr. Salinas has also filed a Motion to Withdraw as Attorney in Charge for the plaintiff [Dkt. No. 15]. If necessary, the Court will address this motion at the above scheduled hearing.

DONE at Brownsville, Texas, this 26th day of January, 2005.

Hilda G. Tagle
United States District Judge