United States District Court
Southern District of Texas
FILED

FEB 11 2005

Michael N. Milby
Clerk of Court

**THE LAW OFFICE OF MIGUEL SALINAS**
ATTORNEY AND COUNSELOR AT LAW
803 Old Port Isabel Rd. • Brownsville, Texas 78521
956/550-1115 (Telephone) 956/550-1134 (Facsimile)

B-03-233

February 9, 2005

Rachel Barrera Meza
8085A Kenyon Street
LAFB, Texas 78840

      Re:   *Rachel Barrera v. Home Depot*

Dear Ms. Meza:

      A hearing on your case was held on February 9, 2005. At the hearing, the court directed me to write and let you know of the current status of the case. Specifically, the defendant has filed a motion to dismiss your case for failure to answer discovery and the Court will make a final decision on that regard by February 22, 2005.

      As you know, the defendant sent Interrogatories and Request for Production in August of 2004. When we received the discovery, we sent you a copy so you could answer the questions and provide the requested information. When we did not receive your answers, we followed-up with several phone calls reminding you to send the completed discovery.

      In November of 2004, we sent you another copy of the discovery in case you had misplaced or lost the copy we had sent originally. When we did not receive a response to that correspondence we called your phone and received a message directing us to contact your husband's phone. Unfortunately, we did not have his number and were unable to reach you. We followed up with your aunt in San Benito and asked her for a current phone number. The number she gave us directed us to your voice mail. Although we left a message, we did not receive a call back from you.

      As mentioned previously, the defendant filed a Motion to Dismiss for failure to timely answer discovery. I have attached a copy of the motion for your review. As a result of the motion, the court ordered us to produce responses to discovery or face the possibility of having the case dismissed. The Court's order also indicates it may impose monetary sanctions if the discovery is not produced. (See attached copy of order).

      As a result of the order and my inability to reach you I filed a Motion to Withdraw on January 25, 2005. I forwarded the motion to you on January 26, 2005 by certified mail. As of today, I do not have the "green card" that indicates you received the document. I am sending you this correspondence in a last ditch effort to reach you before the case is dismissed.

   When you receive this letter I urge you to contact me and let me know your intentions so I can let the Court know what you want to do. As I mentioned in my last correspondence if you do not want to pursue this case further, please let me know so I can file the appropriate motion to dismiss before the Court does it on its own and entertains the notion of imposing sanctions.

   Let me reiterate. The Court has imposed a deadline of **FEBRUARY 22, 2005** for us to respond to the Motion to Dismiss. Please contact me before that date and let me know what you want to do in this case.

   Thank you in advance for your consideration. If you have any questions or need more information please contact me.

               Very truly yours,

               Miguel Salinas

cc:  Honorable Hilda Tagle
   U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RACHEL BARRERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-233 |
| | § | |
| HOME DEPOT, INC., AND | § | |
| RAMON NAJERA, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

Pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure, Defendant Home Depot U.S.A., Inc. ("Home Depot"), incorrectly identified as Home Depot, Inc., moves this Court to dismiss this case with prejudice because of Plaintiff's failure to comply with this Court's Order requiring Plaintiff to respond to Home Depot's discovery requests by no later than November 29, 2004. In support of this motion, Home Depot would show the Court the following:

1. Plaintiff Rachel Barrera filed her Original Petition on December 24, 2003, alleging sexual harassment and discrimination, retaliation, assault, and intentional infliction of emotional distress.

2. On August 4, 2004, Home Depot served its first set of interrogatories and requests for production upon Plaintiff. Plaintiff had thirty (30) days to respond to Home Depot's discovery requests. *See* FED. R. CIV. P. 33(b), 34(b). Plaintiff never responded.

3. On September 29, Home Depot's counsel sent a letter to Plaintiff's counsel requesting that Plaintiff respond to the interrogatories and requests for production. Plaintiff's counsel contacted Home Depot's counsel and indicated that his client had not responded to him and said that he might

file a motion to withdraw from the case due to his client's failure to respond to his communications. Plaintiff's counsel has not withdrawn from the case.

4. On October 12, Home Depot filed its "Motion to Compel Plaintiff's Answers to Defendant's Interrogatories And Requests For Production." On November 15, the Court entered an Order directing Plaintiff to respond to Home Depot's interrogatories and requests for production within ten (10) days of the signing of the Order. The Court's Order provides, in pertinent part, as follows: "*The plaintiff is further admonished that if the requests are not satisfied in the allotted time period, this Court may impose costs, sanctions, or dismiss this action with prejudice.*" A copy of the Court's November 15, 2004 Order is attached hereto as Exhibit A.

5. Pursuant to the Order, Plaintiff's discovery responses were due by no later than November 29, taking into account the Thanksgiving holiday. To date, Plaintiff has not complied with the Order.

Accordingly, Defendant moves this Court to dismiss this case with prejudice due to Plaintiff's failure to prosecute this case diligently and to comply with this Court's Order.

                  Respectfully submitted,

                  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                  J. Alfred Southerland
                  Federal I.D. No. 07341
                  State Bar No. 18860050
                  One Allen Center
                  500 Dallas, Suite 3000
                  Houston, Texas 77002-4709
                  Telephone:   713/655-5753
                  Facsimile:    713/655-0020
                  **ATTORNEY FOR DEFENDANT HOME DEPOT U.S.A., INC.**

## CERTIFICATE OF CONFERENCE

Before filing this motion, I attempted to confer with counsel for Plaintiff's counsel. My calls to Plaintiff's counsel were not returned.

_____
J. Alfred Southerland

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of December, 2004, a true and correct copy of the foregoing document was forwarded by certified mail, return receipt requested, to:

Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 78521
***Certified Mail RRR***

_____
J. Alfred Southerland

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 15 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RACHEL BARRERA | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action B-03-233 |
| HOME DEPOT U.S.A., INC., and RAMON NAJERA | § § § | |
| Defendants. | § § | |

## ORDER

BE IT REMEMBERED that on November 15, 2004, the Court considered Defendant Home Depot U.S.A., Inc.'s (Home Depot) Motion to Compel plaintiff Rachel Barrera to answer defendant's interrogatories and to produce requested documents [Dkt. No. 11].

Pursuant to Federal Rules of Civil Procedure, Rules 33(b)(3) and 34(b), respectively, a party has thirty (30) days from the date of service to respond to interrogatories and produce requested documents. If the served party is delinquent, reasonable notice afforded, and certificate of conference provided to the Court, Rule 37 allows the submitting party to motion the court to compel response or production.

On August 4, 2004, Home Depot served the plaintiff with its first set of interrogatories and request of production of certain documents. Plaintiff has not yet responded to the interrogatories or produced the documents. Home Depot sent a letter to plaintiff's attorney on September 29, 2004, nearly 30 days after the plaintiff's responses were due, inquiring as to the delay. The plaintiff's attorney indicated that the plaintiff has

1

11-29-04

not responded to his own communications.

The Court finds that Home Depot has provided the plaintiff with reasonable time to respond, notice of its intentions to file the present motion, and included a certificate of conference required by Rule 37(d). Therefore Home Depot's motion is hereby **GRANTED** [Dkt. No. 11].

The plaintiff is hereby **ORDERED** to (1) respond to the subject interrogatories within ten (10) days of this Order; and (2) respond to the document requests within ten (10) days of this Order.

The plaintiff is further admonished that if the requests are not satisfied in the allotted time period, this Court may impose costs, sanctions, or dismiss this action with prejudice. See Fed.R.Civ.Pro. 37(d).

DONE at Brownsville, Texas, this 15 day of November, 2004.

Hilda G. Tagle
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 26 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| RACHEL BARRERA | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §  Civil Action B-03-233 |
| | § |
| HOME DEPOT U.S.A., INC., and | § |
| RAMON NAJERA | § |
| | § |
| Defendants. | § |

Feb. 9 - 930

### ORDER

BE IT REMEMBERED that on January 26, 2005, the Court considered "Plaintiff's Attorney Miguel Salinas Motion for Continuance; in the Alternative Motion to Appear Telephonically" [Dkt. No. 14].

On August 4, 2004, Defendant Home Depot U.S.A., Inc.'s ("Home Depot") served the plaintiff, Rachel Barrera ("plaintiff"), with its first set of interrogatories and request of production of certain documents. Plaintiff and her attorney, Mr. Miguel Salinas, failed to respond. Subsequently, Home Depot sent a letter to Mr. Salinas on September 29, nearly 30 days after the plaintiff's responses were due, inquiring as to the delay. Mr. Salinas indicated that the plaintiff had not respond to his own communications.

On November 15, in response to Home Depot's request [Dkt. No. 11], this Court Ordered plaintiff to respond to the discovery requests [Dkt. no. 12]. The Court additionally admonished the plaintiff that if Home Depot's requests were not satisfied in the allotted time period, the Court could choose to impose costs, sanctions, or dismiss this action with prejudice. Again, neither plaintiff nor Mr. Salinas responded.

On December 23, Home Depot motioned this Court to dismiss plaintiff's case with prejudice [Dkt. No. 13]. Because the Court had heard nothing from the plaintiff or Mr.

1

Salinas in over 8 months, including any response to this Court's Order of November 15, the Court ordered the parties to appear for a hearing concerning Home Depot's Motion.

On January 25, Mr. Salinas filed the motion before the Court. Mr. Salinas states that he is scheduled to attend a deposition in Denver, Colorado, the same day as the hearing in this case. Mr. Salinas avers that allowing another attorney to appear at the deposition is impractical due both to his extensive knowledge of that case and the complexity of the issues that will be discussed. In the alternative to continuance, Mr. Salinas has offered to appear telephonically.

The Court **GRANTS** Mr. Salinas's motion to continue [Dkt. No. 14]. The hearing is now set for February 9, 2005, at 9:30 a.m. Once again, Home Depot's counsel, being located in Houston, Texas, has the option of being present telephonically upon adequate notice to the Court. Mr. Salinas's physical presence at the hearing is, however, required. Furthermore, Mr. Salinas should be prepared to discuss the propriety of his actions throughout this case and why sanctions should not be levied against him.

The Court recognizes that Mr. Salinas has also filed a Motion to Withdraw as Attorney in Charge for the plaintiff [Dkt. No. 15]. If necessary, the Court will address this motion at the above scheduled hearing.

DONE at Brownsville, Texas, this 26th day of January, 2005.

_____
Hilda G. Tagle
United States District Judge

2

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®
Post Office To Addressee
Customer Copy
Label 11-B March

**DELIVERY (POSTAL USE ONLY)**
Delivery Attempt  Mo. Day  Time  ☐ AM ☐ PM  Employee Signature
Delivery Attempt  Mo. Day  Time  ☐ AM ☐ PM  Employee Signature
Delivery Date  Mo. Day  Time  ☐ AM ☐ PM  Employee Signature

CUSTOMER USE ONLY
PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.
Federal Agency Acct. No. or Postal Service Acct. No.

NO DELIVERY
☐ Weekend ☐ Holiday

TO: (PLEASE PRINT) PHONE ( )
Rachel Barrera Meza
C085 A Kenyon St
LAFB, Texas 78840

ZIP+4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)
7 8 4 0
FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

Mailer Signature

WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if customer requests waiver of signature. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

ED 623735063 US

**ORIGIN (POSTAL SERVICE USE ONLY)**
PO ZIP Code: 78520
Day of Delivery: ☐ Next ☐ 2nd ☐ 2nd Del Day
Postage $ 1905
Date Accepted: Mo. Day Year
Scheduled Date of Delivery: Month Day
Return Receipt Fee $
Time Accepted: ☐ AM ☐ PM
Scheduled Time of Delivery: ☐ Noon ☐ 3 PM ☐ Military
COD Fee $  Insurance Fee $
Flat Rate ☐ or Weight  ☐ 2nd Day ☐ 3rd Day
Total Postage & Fees $
lbs. oz.  Int'l Alpha Country Code
Acceptance Emp. Initials

FROM: (PLEASE PRINT) PHONE ( 956 ) 550-1115
The Law Office of Miguel Salinas
203 Old Port Isabel Rd
Brownsville, TX 78521

FOR PICKUP OR TRACKING
www.usps.com
1-800-222-1811

```
              UNITED STATES
              POSTAL SERVICE
          ***** WELCOME TO *****
              BROWNSVILLE MPO
          BROWNSVILLE, TX  78520-8601
              02/09/05 03:37PM

   Store   USPS        Trans    196
   Wkstn   sys5003     Cashier  KC7Q8Z
   Cashier's Name      RICHARD
   Stock Unit Id       RICHARD
   PO Phone Number     956-546-2411
   USPS #              4879830056

   1. First Class                      4.88
      Destination:     78840
      Weight:          2.40 oz.
      Postage Type:    PVI
      Total Cost:      4.88
      Base Rate:       0.83
              SERVICES
      Certified Mail                   2.30
         70010320000576657683
      Rtn Recpt (Green Card) 1.75
   2. Exp. Mail PO-ADD                13.65
      Destination:     78840
      Weight:          2.30 oz.
      Postage Type:    PVI
      Total Cost:      13.65
      Base Rate:       13.65
      Label#:
         ED623735063US

Subtotal                              18.53
Total                                 18.53


Personal/ Business Check              18.53


Number of Items Sold: 2


         We APPRECIATE Your Business
         THANK YOU - PLEASE COME AGAIN
```