United States District Court
Southern District of Texas
ENTERED

FEB 2 4 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RACHEL BARRERA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action B-03-233 |
| | § | |
| HOME DEPOT U.S.A., INC., and | § | |
| RAMON NAJERA | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

BE IT REMEMBERED that on February ___, 2005, the Court considered Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss, Dkt. No. 13, and plaintiff's attorney, Miguel Salinas's motion to withdraw as attorney, Dkt. No. 16.

I.   **Factual and Procedural Background**

On December 24, 2003, Rachel Barrera ("plaintiff") filed suit against Home Depot U.S.A., Inc.'s ("Home Depot") and one of its employees, defendant Ramon Najera. Dkt. No. 1. Plaintiff's complaint alleges violations of Title VII of the Civil Rights Act of 1964, § 701 et seq., 42 U.S.C. § 2000e et seq., and the Texas Commission of Human Rights, for sexual harassment, discrimination, retaliation, assault, and intentional infliction of emotional distress. The parties attended an initial pretrial conference before the Court on April 26, 2004. The Court's subsequent scheduling order required discovery to be completed by December 31, and set a trial date for June, 2005. Dkt. No. 9.

On August 4, 2004, Home Depot served the plaintiff with its first set of interrogatories and requests for production. Plaintiff failed to respond. Subsequently, Home Depot sent a letter to plaintiff's attorney on September 29, nearly 30 days after the

1

plaintiff's responses were due, inquiring as to the delay. The plaintiff's attorney indicated that the plaintiff would not respond to his own communications.

After Home Depot's motion, the Court ordered the plaintiff on November 15 to answer the discovery requests. Dkt. No. 12. The Court additionally admonished the plaintiff that if Home Depot's requests were not satisfied in the allotted time period, the Court could choose to impose costs, sanctions, or dismiss this action with prejudice. Plaintiff and her attorney failed to respond to the Court's Order.

On December 23, Home Depot motioned for dismissal of plaintiff's claim with prejudice plus an award of attorney's fees. Dkt. No. 13. The plaintiff did not respond to Home Depot's motion. Nonetheless, because neither the plaintiff nor her counsel had contacted the Court in over 8 months at the time of Home Depot's motion, it was impossible to ascertain whether the silence was attributable to the client or to the attorney. See Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1032 (5th Cir. 1990) (allowing dismissal with prejudice pursuant to Federal Rules of Civil Procedure Rule 37(b)(2)(C) when conduct is attributable to client and not counsel). Accordingly, the parties were ordered to appear to argue Home Depot's motion to dismiss. Dkt. No. 14.

Before the hearing, plaintiff's attorney, Miguel Salinas, motioned the Court to withdraw as lead counsel of record for plaintiff. Dkt. No. 16. In that motion, Mr. Salinas asserts that he forwarded Home Depot's discovery requests of August 4, 2004, to the plaintiff with no response. Additionally, Mr. Salinas avers that on November 21, he sent a letter by registered mail to the plaintiff "advising her to respond to discovery or at least to contact her attorney and let him know if she wanted to continue with the case." Id. Furthermore, Mr. Salinas's motion outlines his numerous phone calls to the plaintiff with no response.

> [Mr.] Salinas followed up the correspondence [sent in November, 2004] with a phone call to Plaintiff's last known telephone number and received a recorded message stating Plaintiff could be reached on her husband's phone. Plaintiff did not give [Mr. Salinas] her husbands phone number and the message left on the recorder was not returned. Plaintiff's telephone was called again recently and the number has been disconnected. Plaintiff has not contacted her attorney . . . .

2

Id.[1] The motion further states that a copy of the motion to withdraw was sent to plaintiff's last known address.

At the February 9 hearing, Mr. Salinas was unable to provide the Court with proof establishing that the plaintiff knew of the proceeding to determine Home Depot's motion to dismiss and the possible ramifications thereof, or of Mr. Salinas's motion to withdraw as counsel. Accordingly, the Court ordered Mr. Salinas to send a letter by certified mail, overnight mail, and regular mail to the plaintiff indicating that the Court will rule on the defendant's motion to dismiss on February 22. Subsequent to Mr. Salinas sending these letters, Mr. Salinas received the registered receipt for the letter he sent the plaintiff concerning his motion to withdraw. Dkt. No. 20. The receipt indicates that the plaintiff has moved and not left a forwarding address. Id.

The February 22 deadline has past and the Court has not heard from the plaintiff.

## II. Discussion

Home Depot moves for dismissal with prejudice pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 41(b) and an award of attorney's fees.[2] Upon defendant's motion, FRCP Rule 41(b) allows for involuntary dismissal with prejudice for plaintiff's failure to prosecute. In the Fifth Circuit, a dismissal pursuant to Rule 41(b) is permitted where there is "a clear record of delay or contumacious conduct by the plaintiff, ... and where lesser sanctions would not serve the best interest of justice." Salinas v. Sun Oil Co., 819 F.2d 105, 106 (5th Cir. 1987). Additionally, in the Fifth Circuit, the presence of one of the following "aggravating factors" is required before a dismissal for failure to prosecute will be upheld: "(1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Berry v. Cigna/RSI-Cigna, 975

---

[1] Mr. Salinas also called the plaintiff's aunt in San Benito, Texas, requesting the plaintiff's current phone number. Dkt. No. 19. Although Mr. Salinas left a message at the procured number's voice mail, plaintiff never returned his call. Id.

[2] Home Depot also motioned for dismissal with prejudice pursuant to FRCP 37(b)(2)(C). However, because this Court finds dismissal warranted under Rule 41(b), the Rule 37 analysis will be omitted.

F.2d 1188, 1191 (5th Cir. 1985). The decision to dismiss for failure to prosecute is committed to the sound discretion of the district court. Morris v. Ocean Sys. Inc., 730 F.2d 248, 251 (5th Cir. 1984).

The Court finds that the plaintiff's conduct justifies dismissal with prejudice. First, "parties have a duty to inquire periodically into the status of their litigation." Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1201-1202 (5th Cir. 1993) (finding that FRCP Rule 77(d) requires a party to "make a timely appeal whether or not he receives notice of the entry of an order"); see also Wright v. Robinson, 113 Fed.Appx. 12, 2004 WL 1936109, at *3 (5th Cir. 2004) (applying Latham requirement in the context of a Rule 41(b) dismissal for failure to prosecute). Nonetheless, the plaintiff has moved without leaving a forwarding address and failed to return any of Mr. Salinas's phone calls. The record shows that the last time the plaintiff contacted her own attorney was at the beginning of August, 2004, at the latest - a span of nearly seven months before the date of this order.

Second, the plaintiff's conduct has resulted in the complete cessation of progress in this case. Discovery in this case should have been completed by December 31, 2004, and trial is scheduled for May, 2005. However, due to plaintiff's decision to ignore Mr. Salinas and this Court's Order dated November 15, 2004, discovery is still in its nascent stages despite the fact that the discovery deadline passed nearly two months ago. Furthermore, assuming the plaintiff returned to zealously litigate this case today, the trial date would nonetheless have to be substantially delayed. Because the record establishes that Mr. Salinas attempted to contact his client on numerous occasions through both mail and telephone calls, the delay in this case can only be attributed to the plaintiff.

Lastly, the Court finds that no lesser sanction than dismissal with prejudice will serve the interests of justice. In sum, the plaintiff simply has not shown interest in pursuing this litigation. The Court finds that any other sanction (i.e., "monetary assessment, conditional dismissal, or dismissal without prejudice") is futile in light of the plaintiff's decision to cease all communications with her own attorney and this Court. Moll v. Brown & Root, Inc., 2004 WL 1586555, at *3-4 (E.D.La. 2004). The consequences of the plaintiff's inaction clearly warrants the prejudicial dismissal of this case.

**III.    Order**

Pursuant to FRCP 41(b), this Court **GRANTS** Home Depot's motion to dismiss and hereby **ORDERS** the plaintiff's claims against all defendants in this case be **DISMISSED WITH PREJUDICE**.  Dkt. No. 13.  Home Depot's request for reasonable attorney's fees is also **GRANTED**.

Mr. Salinas' motion to withdraw as attorney for the plaintiff is hereby **GRANTED**. Dkt. No. 16.

The Clerk of the Court is instructed to **CLOSE** this case.

DONE at Brownsville, Texas, this 22 day of February, 2005.

_____
Hilda G. Tagle
United States District Judge